**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

THE BANK OF NEW YORK MELLON,   )
                                     )
         Plaintiff,                    )
                                     )
        v.                       )     C.A. No. N17L-05-071 ALR
                                     )
FRANK ROBINSON AND         )
VIOLA ROBINSON,             )
                                     )
        Defendants.             )

*Upon Consideration of Plaintiff's Motion for Default Judgment*
**GRANTED**

## ORDER

Upon consideration of the written submissions of the parties and arguments presented at the hearing on Tuesday, February 5, 2019; the Delaware Superior Court Rules of Civil Procedure; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      On May 17, 2017, Plaintiff The Bank of New York Mellon ("Plaintiff") filed its In Rem Scire Facias mortgage complaint ("Complaint") against Defendants Frank Robinson and Viola Robinson ("Defendants") seeking foreclosure of Plaintiff's interest in the property commonly known as 1705 West 3rd Street, Wilmington, Delaware 19805, under the mortgage referenced in the Complaint. The Complaint included a certified copy of the mortgage and demanded that Defendants answer the allegations of the Complaint by affidavit pursuant to 10 *Del. C.* § 3901.

2. Plaintiff now moves for Default Judgment against both Defendants for failure to comply with the requirements of 10 *Del. C.* § 3901.

3. At oral argument, Defendant Frank Robinson raised issues previously decided by this Court in *Frank Lee Robinson v. OCWEN Loan Servicing LLC and Litton Loan Servicing, LLC.*[1]  This request for reconsideration is declined.

4. The Court is satisfied that Plaintiff is entitled to the relief requested. The mortgage has been in default since November 2013.  With respect to the modification efforts claimed, the Court finds that there have been no valid modifications of the mortgage.  Defendant Frank Robinson has not answered the allegations of the Complaint by affidavit of defense as required by statute.[2] Moreover, the Court finds that it would be futile to exercise its discretion to decline entering a default judgment because Defendant Frank Robinson has not set forth any of the limited defenses to In Rem mortgage foreclosure actions recognized by Delaware Law.[3]

5. With respect to Frank Robinson, a default judgment shall enter pursuant to 10 *Del. C.* § 3901.

---

[1] C.A. No. N14C-05-058 (Del. Super. Dec. 29, 2014) (ORDER).
[2] 10 *Del. C.* § 3901(c).
[3] A mortgagor's responsive pleadings in a *scire facias* mortgage action are restricted to those arising out of the original mortgage transaction, payment or satisfaction, or the mortgagor may plead in avoidance of the mortgage. *First Fed. Sav. & Loan Ass'n of Norwalk v. Christiana Falls*, 1986 WL 9916, at *1 (Del. Super. Sept. 9, 1986) *aff'd* 1986 WL 18356 (Del. Dec. 30, 1986).

6. Defendant Viola Robinson has not appeared in this action and therefore default judgment should also be entered against Viola Robinson.

**NOW, THEREFORE, this 5th day of February, 2019, for the reasons set forth above, the Plaintiff's Motion for Default Judgment is granted and judgment In Rem shall enter in favor of Plaintiff against Defendants Frank Robinson and Viola Robinson as follows:**

| | |
|---|---|
| Principal Balance | $82,973.26 |
| Interest | 14,347.42 |
| Late Charges* | 520.18 |
| Escrow Balance | 3,504.70 |
| Fees and Expenses | 1,617.00 |
| Suspense Balance | (494.47) |
| TOTAL | $102,468.09 |

\* Plus interest accruing from January 14, 2019, at the per diem rate of $9.79, and late charges and advances to the date of confirmation.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**


cc:   Frank Robinson
      Viola Robinson

3